IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


HOME POKER UNLIMITED, INC.,                    09-CV-460-BR

        Plaintiff,

                              OPINION AND ORDER

v.

GRANT COOPER AND COOPER
DESIGN AND CONCEPTS, INC.,

        Defendants.

**DAVID S. AMAN**
Tonkon Torp LLP
888 S.W. Fifth Avenue
Suite 1600
Portland, OR 97204-2099
(503) 802-2053

       Attorneys for Plaintiff

**NICHOLAS L. DAZER**
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland , OR 97204
(503) 499-4573

       Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion to Dismiss or Motion to Transfer or Motion for More Definite Statement (#6) of Defendants Grant Cooper and Cooper Design and Concepts, Inc. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

The following facts are taken from the Complaint and the parties' submissions related to the Motions to Dismiss or to Transfer:

Plaintiff Home Poker Unlimited, Inc., is an Oregon corporation with its principal place of business in Oregon. Defendant Cooper Designs and Concepts, Inc. (CDCI), is a Texas corporation.  Defendant Grant Cooper is the President of CDCI.

CDCI makes The Ultimate Dealer Button, a poker timer.  CDCI sold The Ultimate Dealer Button through eBay and Amazon.com.  In October and December 2008, Jeff Klein, the sole stockholder of both Home Poker and DB Dealer, Inc., sent an email and a fax respectively to Amazon and eBay in which he alleged CDCI was violating DB Dealer's U.S. Patent No. 7,357,664.[1]

On October 6, 2008, CDCI filed a complaint against DB Dealer

---

[1]  Defendants refer to the patent number as 7,357,664 and Plaintiff refers to 7,317,664. It is not clear from the record which patent number is correct.

2 - OPINION AND ORDER

and Jeff Klein in the United States District Court for the Northern District of Texas in which it sought a declaration that DB Dealer's patent is invalid and unenforceable and that The Ultimate Dealer Button does not infringe DB Dealer's patent.

At some point CDCI, DB Dealer, and Klein began negotiations to settle the Texas action.  To that end, the parties entered into negotiations for DB Dealer to sell The Ultimate Dealer Button business to Home Poker, which Klein created in February 2009 solely for the purpose of purchasing The Ultimate Dealer Button business.

According to Home Poker, the parties reached an agreement for DB Dealer to sell The Ultimate Dealer Button business to Home Poker on March 12, 2009, but Defendants contend the parties never reached an agreement as to the terms and conditions of several schedules material to the proposed purchase and sale agreement. The parties never signed a purchase and sale agreement, and the Texas action remains pending.

On April 24, 2009, Home Poker filed an action in this Court against Cooper and CDCI in which Home Poker alleges Defendants breached the purchase and sale agreement requiring DB Dealer to sell The Ultimate Dealer Button to Home Poker and seeks either specific performance of the purchase and sale agreement or damages.

Defendants filed a Motion to Dismiss or Motion to Transfer

3 - OPINION AND ORDER

or Motion for More Definite Statement.  After a status
conference, the Court directed the parties to file supplemental
memoranda addressing the Court's concerns as to the effect of the
Texas litigation on this matter.


## STANDARDS

### I.  Motion to Dismiss for Lack of Personal Jurisdiction

The party seeking to invoke the personal jurisdiction of the
federal court has the burden to establish jurisdiction exists.
*Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285
(9th Cir. 1977).

When "a defendant moves to dismiss a complaint for lack of
personal jurisdiction, the plaintiff bears the burden of
demonstrating that jurisdiction is appropriate." *Schwarzenegger
v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).
"The court may consider evidence presented in affidavits to
assist it in its determination and may order discovery on the
jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922
(9th Cir. 2001)(citing *Data Disc, Inc. v. Sys. Tech. Assoc.,
Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977)).  If the court makes a
jurisdictional decision based only on pleadings and any
affidavits submitted by the parties and does not conduct an
evidentiary hearing, "the plaintiff need make only a *prima facie*
showing of jurisdictional facts to withstand the motion to

dismiss." *Id.* (quoting *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995)).  When determining whether the plaintiff has met the *prima facie* showing, the court must assume the truth of uncontroverted allegations in the complaint.  *Ochoa v. J.B. Martin and Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir. 2002).

When the court rules on a defendant's motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff's version of the facts, unless directly contravened, is taken as true, and the court must resolve factual conflicts in the parties' affidavits in the plaintiff's favor. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements LTD*, 328 F.3d 1122, 1129 (9th Cir. 2003).

## II.  Motion to Dismiss for Improper Venue

Venue in actions based on diversity jurisdiction is governed by 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

## III. Motion to Transfer Venue

Under 28 U.S.C. § 1404(a), the district court may transfer any civil action "[f]or the convenience of the parties and witnesses, in the interests of justice." The forum to which transfer of venue is sought must be a district court where the case "might have been brought." *Id.* The court has discretion "to adjudicate motions to transfer according to 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)(citation omitted). Among the factors the court must balance when considering a motion to transfer are the plaintiff's choice of forum, the parties' contacts with the forum, the availability of compulsory process for unwilling witnesses, the relative ease of access to sources of proof such as witnesses and documents, and judicial economy. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000). The rationale that controversies should be resolved in the locale where they arise also applies to judicial review of administrative decisions that are limited to an administrative record. *Trout Unlimited v. U.S. Dep't of Agric.,* 944 F. Supp. 13, 19 (D.D.C. 1996).

## **DISCUSSION**

Defendants move to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that this Court

6 - OPINION AND ORDER

lacks personal jurisdiction over Defendants.

Although Plaintiff concedes this Court lacks general jurisdiction over Defendants, Plaintiff, nonetheless, contends this Court has personal jurisdiction over them because (1) Defendants consented to this Court's jurisdiction pursuant to the purchase and sale agreement and/or (2) this Court has specific jurisdiction.

**I.    The Law**

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis.  First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute.  Second, the exercise of jurisdiction must comport with federal due process."  *Bauman v. DaimlerChrysler Corp.*, 579 F.3d 1088, 1094 (9th Cir. 2009) (quotations omitted).  "Oregon's long-arm statute confers jurisdiction to the outer limits of due process under the United States Constitution."  *Pacific Reliant Indus., Inc. v. Amerika Samoa Bank*, 901 F.2d 735, 737 (9th Cir. 1990)(citing *State ex rel. Hydraulic Servocontrols, Inc. v. Dale*, 294 Or. 381, 384 (1982)).  *See also* Or. R. Civ. P. 4L.  Oregon's long-arm statute, therefore, is co-extensive with the limits of due process. *Quimby v. Aveson*, Civil No. 08-1057-SU, 2009 WL 936713, at *2 (D. Or. Apr. 1, 2009)(citation omitted).  *See also Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 760 (9th Cir. 1990).

"Due process requires that a nonresident defendant have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Bauman*, 579 F.3d at 1094 (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

## II. Plaintiff did not establish Defendants consented to this Court's jurisdiction.

As noted, Plaintiff contends this Court has personal jurisdiction over Defendants because Defendants consented to jurisdiction in Oregon pursuant to the purchase and sale agreement.  Specifically, Plaintiff asserts the purchase and sale agreement contains a forum-selection clause that provides:

> Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement will be brought against any of the parties in the United States District Court for the District of Oregon, Portland Division, and each of the parties consents to the jurisdiction of such court . . . in any such action or proceeding and waives any objection to such venue.

Decl. of Jeff Klein, Ex. 5 at 14.

Defendants, however, point out that the purchase and sale agreement was never signed by the parties and, as noted, contend the parties never reached an enforceable agreement because (1) the parties never had a meeting of the minds as to the terms of the agreement and (2) Texas law specifically provides settlement agreements will not be enforceable unless they are in writing, signed, and filed on the record.

A.    **Choice of Law**

Defendants contend the alleged purchase and sale agreement was negotiated in Texas and would have been performed in Texas because that is where Defendants are located. Defendants assert, therefore, Texas law determines whether the purchase and sale agreement is enforceable.  Plaintiff, however, asserts Oregon law applies because the purchase and sale agreement contains an Oregon choice-of-law provision.

"When a federal court sitting in diversity hears state law claims, the conflicts laws of the forum state are used to determine which state's substantive law applies." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999).  Under Oregon conflict-of-law rules, the Court must determine as a threshold issue whether there is a material difference between Oregon substantive law and the law of the other forum.  *Waller v. Auto-Owners Ins. Co.*, 174 Or. App. 471, 475 (2001).  If there is a material difference, the Court must determine whether both states have substantial interests in having their laws applied. *Pulido v. United States Parcel Serv. Gen. Servs. Co.*, 31 F. Supp. 2d 809, 813 (D. Or. 1998)(citing *Dabbs v. Silver Eagle Mfg. Co.*, 98 Or. App. 581, 583-84 (1989)).  Finally, if "both states have substantial interests, the Oregon Supreme Court has adopted the 'most significant relationship' approach of the Restatement (Second) Conflict of Laws."  *Id.* (citation omitted).

It is incumbent on the parties to identify material differences between the laws of Oregon and Texas that govern when determining whether a binding contract has been entered into by the parties. *See Waller*, 174 Or. App. at 475. "[I]t is not [the Court's] obligation to cast around the law of [Texas and Oregon] in quest of possible material differences. Because [the parties] have not demonstrated any material distinctions between the Oregon and [Texas] substantive law" as to when a binding agreement has been entered into by the parties, the Court applies Oregon law. *Angelini v. Delaney*, 156 Or. App. 293, 300-01 (1998).

**B.  Plaintiff did not establish for jurisdictional purposes that the parties entered into a binding contract containing an Oregon forum-selection clause.**

Under Oregon law, whether a contract exists is a question of law for the court. *Dalton v. Robert Jahn Corp.*, 209 Or. App. 120, 132 (2006)(quotation omitted). A "valid contract exists only when there is a meeting of the minds and where all [essential] terms are either agreed upon or there is a method agreed upon by which open and disputed terms can be settled, such that nothing is left for future negotiation." *Id.* (citation omitted). "'Oregon subscribes to the objective theory of contracts. In determining whether a contract exists and what its terms are, we examine the parties' objective manifestations of intent, as evidenced by their communications and acts.'" *Id.*

(quoting *Ken Hood Constr. v. Pac. Coast Constr.*, 201 Or. App. 568, 578 (2005)).  "'[W]hether parties enter into a contract does not depend on their uncommunicated subjective understanding; rather, it depends on whether the parties manifest assent to the same express terms.'"  *Id.* (quoting *Newton/Boldt v. Newton*, 192 Or. App. 386, 392 (2004)).

Plaintiff concedes the purchase and sale agreement was never signed by the parties.  Although it is unclear, Plaintiff appears to contend the Court, nevertheless, should enforce the forum-selection clause in the purchase and sale agreement because the parties agreed to all material terms of the agreement by March 12, 2009.  Defendants, however, contend the parties did not enter into any agreement because there was never any meeting of the minds as to several schedules material to the proposed agreement.  The proposed schedules that were not ultimately agreed on included an agreement not to compete, a security agreement, a promissory note, a bill of sale, several corporate consents, the settlement agreement and release, an agreed motion to dismiss the Texas action with prejudice, and a final order dismissing the Texas action.

As noted, when "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."  *Schwarzenegger*, 374 F.3d at 800.  Here a series of emails between

11 - OPINION AND ORDER

the parties do not establish for purposes of determining whether
this Court has jurisdiction that the parties had reached a
meeting of the minds as to the material terms of the purchase and
sale agreement by March 12, 2009, or at any time thereafter.  For
example, in a March 25, 2009, email to Plaintiff's counsel,
defense counsel states:  "Neither we nor Grant [Cooper] were
happy with the last offer.  We still have problems with your
client's insistence upon terms that allow him to terminate
payments and effectively reduce the purchase price.  I am not
sure how we get around this.  If you have any other ideas, please
advise."  Decl. of Daniel T. Mabery, Ex. C at 2.  Similarly, in
an email to Plaintiff's counsel dated April 9, 2009, defense
counsel noted in pertinent part:

> In your e-mail message of April 9, 2009, you
> referenced a "previous agreement to terms and
> price."  We have not reached an agreement, as
> evidenced by the fact that we are continuing to
> negotiate.  We have forwarded your most recent
> proposal on to our client and have discussed it
> with him.  He declines to accept it for reasons
> that we have previously discussed.
>
> Despite the time and expense that has been
> incurred and is likely to be incurred in the
> future on behalf of both parties, we remain
> willing to consider any alternative settlement
> options that you may offer to resolve this issue.

Mabery Decl., Ex. C at 8.  In an April 20, 2009, email, defense
counsel informed Plaintiff's counsel as follows:

> Your client's email . . . misrepresents several
> things.  First, we have had ongoing and regular
> discussions with you.  Second, there is no agreed

12 - OPINION AND ORDER

settlement.  Among other things, the terms of the
payout proposed by your client are not acceptable.
We raised an alternative regarding the possibility
of your client receiving third-party financing and
you told us this would not be possible.  In our
last email, we asked you for other alternatives
and received no response.

We are also unclear regarding what you intend to
file in Oregon. . . .  This is obviously not the
type of response we would expect from a request
for other alternative proposals.

Mabery Decl., Ex. C at 11.

On this limited record, the Court finds Plaintiff has

not established consent as a basis for personal jurisdiction

because Plaintiff did not show the parties "manifest[ed] assent

to the same express terms" of the purchase and sale agreement.

The Court, therefore, concludes Plaintiff has not established the

parties had a binding forum-selection clause for purposes of the

Court's jurisdictional analysis.  Thus, Plaintiff has not

established Defendants consented to jurisdiction or venue in

Oregon through the purchase and sale agreement, and the Court

must engage in an analysis of specific jurisdiction to determine

whether it has personal jurisdiction over Defendants.

**III. Plaintiff has not established this Court has specific
      jurisdiction.**

As noted, Plaintiff concedes the Court does not have general

jurisdiction over Defendants, but it asserts the Court has

specific jurisdiction over Defendants.

13 - OPINION AND ORDER

**A.    The Law**

A court has specific jurisdiction over a defendant "if the controversy [was] sufficiently related to or arose out of the defendants' contacts with the forum." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).  The Ninth Circuit applies the following three-part test to determine whether a district court constitutionally may exercise specific jurisdiction over a nonresident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006)(quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).  "If the plaintiff fails to satisfy either of [the first two] prongs, personal jurisdiction is not established in the forum state.  If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be

14 - OPINION AND ORDER

reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

**B.    Plaintiff has not established Defendants purposefully availed themselves of the privilege of doing business in Oregon.**

The first prong of this analysis relating to purposeful availment "may be satisfied by [Defendants'] purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Id*. at 1206. "[I]n contract cases, [the Court] typically inquire[s] whether a defendant purposefully avails itself of the privilege of conducting activities or consummate[s] [a] transaction in the forum, focusing on activities such as delivering goods or executing a contract." *Id*. (quotations omitted).

Defendants contend they did not purposefully avail themselves of the privilege of doing business in Oregon. Defendants point out their negotiations with Plaintiff were solely to resolve a pending action in Texas, and Defendants did not intend to or enter into a continuing course of business in Oregon. According to Defendants, even if the parties had reached an agreement as to the purchase and sale of The Ultimate Dealer Button, it would have resulted in a one-time purchase and would not have created ongoing obligations in or contacts with Oregon.

In *Boschetto v. Hansing*, the Ninth Circuit addressed

the question of specific jurisdiction in the context of the sale

of a vehicle by a Wisconsin resident to a California resident on

ebay.  539 F.3d 1011 (9th Cir. 2008).  The California resident

filed an action for breach of contract in the United States

District Court for the Northern District of California.  The

Ninth Circuit affirmed the decision of the district court that it

lacked personal jurisdiction noting "the Supreme Court has

expressly cautioned, a contract alone does not automatically

establish minimum contacts in the plaintiff's home forum."  *Id.*

at 1017 (citing *Burger King Corp.*, 471 U.S. at 478; *Doe v. Unocal*

*Corp.*, 248 F.3d 915, 924 (9th Cir. 2001); and *Travelers Health*

*Ass'n v. Commonwealth of Va.*, 339 U.S. 643, 647 (1950)).  The

Ninth Circuit reasoned:

> The arrangement between [the plaintiff] and [the
> defendant], which is, at bottom, a contract for
> the sale of a good, is insufficient to have
> created a substantial connection with California.
> [The defendant]. . . did not create any ongoing
> obligations with [the plaintiff] in California;
> once the car was sold the parties were to go their
> separate ways.  Neither [the plaintiff's]
> complaint nor his affidavit in opposition to
> dismissal point to any continuing commitments
> assumed by the Defendants under the contract.  Nor
> did performance of the contract require the
> Defendants to engage in any substantial business
> in California.  On [the plaintiff's] version of
> the facts, funds were sent to Wisconsin and
> arrangements were made to pick up the car there
> and have it delivered to California.  This was, as
> the district court observed, a "one-shot affair."

*Id.*  Similarly, viewing these facts in the light most favorable

to Plaintiff, the Court finds Plaintiff has not established the

parties created any ongoing obligations for Defendants in Oregon or that Defendants engaged in or intended to engage in any substantial, continuous business in Oregon.  The Court, therefore, concludes Plaintiff has not established that Defendants purposefully availed themselves of the privilege of doing business in Oregon.

**C.   Plaintiff has not established its breach of contract claim is one which arose out of or related to defendant's forum-related activities.**

The Ninth Circuit has adopted a "but for" analysis to determine whether a plaintiff's claim arises out of a defendant's forum-related activities.  *See Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007)("the Ninth Circuit follows the 'but-for' test.")).  Thus, Plaintiff must establish it would not have been injured "but for" Defendants' activities in Oregon.

According to Plaintiff, he was injured because Defendants breached the purchase and sale agreement.  As noted, it is undisputed that the parties entered into negotiations for the purchase and sale agreement solely as a means to settle the Texas litigation.  The injury Plaintiff allegedly suffered was Defendants' breach of the agreement, which resulted in continu- ation of the Texas litigation.  Even if the facts are viewed in Plaintiff's favor, the record reflects it was the actions of the parties in Texas rather than Oregon that triggered the negotiations for the purchase and sale of The Ultimate Dealer

17 - OPINION AND ORDER

Button and the actions of the parties in Texas rather than Oregon that led to Defendant's alleged breach of the purchase and sale agreement.

On this record, the Court concludes Plaintiff has not established that it would not have been injured but for Defendants' activities in Oregon.

As noted, "[i]f the plaintiff fails to satisfy either of [the first two] prongs, personal jurisdiction is not established in the forum state." Because Plaintiff has not satisfied either of the first two prongs of the analysis, the Court concludes Plaintiff has not established this Court has personal jurisdiction over Defendants. Accordingly, the Court grants Defendants' Motion to Dismiss this matter for lack of personal jurisdiction.

Because the Court concludes it lacks personal jurisdiction, the Court does not address Defendants' alternative Motions to Transfer or For More Definite Statement.


## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to

Dismiss (#6) and dismisses this matter for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 15th day of December, 2009.


                                    /s/ Anna J. Brown

                                    _____
                                    ANNA J. BROWN
                                    United States District


19 - OPINION AND ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


HOME POKER UNLIMITED, INC.,         09-CV-460-BR

       Plaintiff,

                             OPINION AND ORDER

v.

GRANT COOPER AND COOPER
DESIGN AND CONCEPTS, INC.,

       Defendants.


DAVID S. AMAN
Tonkon Torp LLP
888 S.W. Fifth Avenue
Suite 1600
Portland, OR 97204-2099
(503) 802-2053

       Attorneys for Plaintiff

NICHOLAS L. DAZER
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland , OR 97204
(503) 499-4573

       Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion to Dismiss or Motion to Transfer or Motion for More Definite Statement (#6) of Defendants Grant Cooper and Cooper Design and Concepts, Inc. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

The following facts are taken from the Complaint and the parties' submissions related to the Motions to Dismiss or to Transfer:

Plaintiff Home Poker Unlimited, Inc., is an Oregon corporation with its principal place of business in Oregon. Defendant Cooper Designs and Concepts, Inc. (CDCI), is a Texas corporation.  Defendant Grant Cooper is the President of CDCI.

CDCI makes The Ultimate Dealer Button, a poker timer.  CDCI sold The Ultimate Dealer Button through eBay and Amazon.com.  In October and December 2008, Jeff Klein, the sole stockholder of both Home Poker and DB Dealer, Inc., sent an email and a fax respectively to Amazon and eBay in which he alleged CDCI was violating DB Dealer's U.S. Patent No. 7,357,664.[1]

On October 6, 2008, CDCI filed a complaint against DB Dealer

_____

[1]  Defendants refer to the patent number as 7,357,664 and Plaintiff refers to 7,317,664. It is not clear from the record which patent number is correct.

and Jeff Klein in the United States District Court for the Northern District of Texas in which it sought a declaration that DB Dealer's patent is invalid and unenforceable and that The Ultimate Dealer Button does not infringe DB Dealer's patent.

At some point CDCI, DB Dealer, and Klein began negotiations to settle the Texas action. To that end, the parties entered into negotiations for DB Dealer to sell The Ultimate Dealer Button business to Home Poker, which Klein created in February 2009 solely for the purpose of purchasing The Ultimate Dealer Button business.

According to Home Poker, the parties reached an agreement for DB Dealer to sell The Ultimate Dealer Button business to Home Poker on March 12, 2009, but Defendants contend the parties never reached an agreement as to the terms and conditions of several schedules material to the proposed purchase and sale agreement. The parties never signed a purchase and sale agreement, and the Texas action remains pending.

On April 24, 2009, Home Poker filed an action in this Court against Cooper and CDCI in which Home Poker alleges Defendants breached the purchase and sale agreement requiring DB Dealer to sell The Ultimate Dealer Button to Home Poker and seeks either specific performance of the purchase and sale agreement or damages.

Defendants filed a Motion to Dismiss or Motion to Transfer

3 - OPINION AND ORDER

or Motion for More Definite Statement.  After a status conference, the Court directed the parties to file supplemental memoranda addressing the Court's concerns as to the effect of the Texas litigation on this matter.

<u>**STANDARDS**</u>

**I.    Motion to Dismiss for Lack of Personal Jurisdiction**

The party seeking to invoke the personal jurisdiction of the federal court has the burden to establish jurisdiction exists. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

When "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001)(citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977)).  If the court makes a jurisdictional decision based only on pleadings and any affidavits submitted by the parties and does not conduct an evidentiary hearing, "the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to

4 - OPINION AND ORDER

dismiss." *Id.* (quoting *Ballard v. Savage,* 65 F.3d 1495, 1498
(9th Cir. 1995)).  When determining whether the plaintiff has met
the *prima facie* showing, the court must assume the truth of
uncontroverted allegations in the complaint.  *Ochoa v. J.B.
Martin and Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir. 2002).

When the court rules on a defendant's motion to dismiss for
lack of personal jurisdiction without holding an evidentiary
hearing, the plaintiff's version of the facts, unless directly
contravened, is taken as true, and the court must resolve factual
conflicts in the parties' affidavits in the plaintiff's favor.
*Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements LTD*, 328
F.3d 1122, 1129 (9th Cir. 2003).

## II.  Motion to Dismiss for Improper Venue

Venue in actions based on diversity jurisdiction is governed
by 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded
> only on diversity of citizenship may, except as
> otherwise provided by law, be brought only in
> (1) a judicial district where any defendant
> resides, if all defendants reside in the same
> State, (2) a judicial district in which a
> substantial part of the events or omissions giving
> rise to the claim occurred, or a substantial part
> of property that is the subject of the action is
> situated, or (3) a judicial district in which any
> defendant is subject to personal jurisdiction at
> the time the action is commenced, if there is no
> district in which the action may otherwise be
> brought.

**III. Motion to Transfer Venue**

Under 28 U.S.C. § 1404(a), the district court may transfer any civil action "[f]or the convenience of the parties and witnesses, in the interests of justice." The forum to which transfer of venue is sought must be a district court where the case "might have been brought." *Id.* The court has discretion "to adjudicate motions to transfer according to 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)(citation omitted). Among the factors the court must balance when considering a motion to transfer are the plaintiff's choice of forum, the parties' contacts with the forum, the availability of compulsory process for unwilling witnesses, the relative ease of access to sources of proof such as witnesses and documents, and judicial economy. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000). The rationale that controversies should be resolved in the locale where they arise also applies to judicial review of administrative decisions that are limited to an administrative record. *Trout Unlimited v. U.S. Dep't of Agric.,* 944 F. Supp. 13, 19 (D.D.C. 1996).


**DISCUSSION**

Defendants move to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that this Court

lacks personal jurisdiction over Defendants.

Although Plaintiff concedes this Court lacks general jurisdiction over Defendants, Plaintiff, nonetheless, contends this Court has personal jurisdiction over them because (1) Defendants consented to this Court's jurisdiction pursuant to the purchase and sale agreement and/or (2) this Court has specific jurisdiction.

**I.    The Law**

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis.  First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute.  Second, the exercise of jurisdiction must comport with federal due process." *Bauman v. DaimlerChrysler Corp.*, 579 F.3d 1088, 1094 (9th Cir. 2009) (quotations omitted).  "Oregon's long-arm statute confers jurisdiction to the outer limits of due process under the United States Constitution." *Pacific Reliant Indus., Inc. v. Amerika Samoa Bank*, 901 F.2d 735, 737 (9th Cir. 1990)(citing *State ex rel. Hydraulic Servocontrols, Inc. v. Dale*, 294 Or. 381, 384 (1982)).  *See also* Or. R. Civ. P. 4L.  Oregon's long-arm statute, therefore, is co-extensive with the limits of due process. *Quimby v. Aveson*, Civil No. 08-1057-SU, 2009 WL 936713, at *2 (D. Or. Apr. 1, 2009)(citation omitted).  *See also Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 760 (9th Cir. 1990).

"Due process requires that a nonresident defendant have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice."  *Bauman*, 579 F.3d at 1094 (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

**II.  Plaintiff did not establish Defendants consented to this Court's jurisdiction.**

As noted, Plaintiff contends this Court has personal jurisdiction over Defendants because Defendants consented to jurisdiction in Oregon pursuant to the purchase and sale agreement.  Specifically, Plaintiff asserts the purchase and sale agreement contains a forum-selection clause that provides:

> Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement will be brought against any of the parties in the United States District Court for the District of Oregon, Portland Division, and each of the parties consents to the jurisdiction of such court . . . in any such action or proceeding and waives any objection to such venue.

Decl. of Jeff Klein, Ex. 5 at 14.

Defendants, however, point out that the purchase and sale agreement was never signed by the parties and, as noted, contend the parties never reached an enforceable agreement because (1) the parties never had a meeting of the minds as to the terms of the agreement and (2) Texas law specifically provides settlement agreements will not be enforceable unless they are in writing, signed, and filed on the record.

8 - OPINION AND ORDER

A.    **Choice of Law**

Defendants contend the alleged purchase and sale agreement was negotiated in Texas and would have been performed in Texas because that is where Defendants are located. Defendants assert, therefore, Texas law determines whether the purchase and sale agreement is enforceable.  Plaintiff, however, asserts Oregon law applies because the purchase and sale agreement contains an Oregon choice-of-law provision.

"When a federal court sitting in diversity hears state law claims, the conflicts laws of the forum state are used to determine which state's substantive law applies." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999).  Under Oregon conflict-of-law rules, the Court must determine as a threshold issue whether there is a material difference between Oregon substantive law and the law of the other forum.  *Waller v. Auto-Owners Ins. Co.*, 174 Or. App. 471, 475 (2001).  If there is a material difference, the Court must determine whether both states have substantial interests in having their laws applied. *Pulido v. United States Parcel Serv. Gen. Servs. Co.*, 31 F. Supp. 2d 809, 813 (D. Or. 1998)(citing *Dabbs v. Silver Eagle Mfg. Co.*, 98 Or. App. 581, 583-84 (1989)).  Finally, if "both states have substantial interests, the Oregon Supreme Court has adopted the 'most significant relationship' approach of the Restatement (Second) Conflict of Laws." *Id.* (citation omitted).

9 - OPINION AND ORDER

It is incumbent on the parties to identify material differences between the laws of Oregon and Texas that govern when determining whether a binding contract has been entered into by the parties. *See Waller*, 174 Or. App. at 475. "[I]t is not [the Court's] obligation to cast around the law of [Texas and Oregon] in quest of possible material differences. Because [the parties] have not demonstrated any material distinctions between the Oregon and [Texas] substantive law" as to when a binding agreement has been entered into by the parties, the Court applies Oregon law. *Angelini v. Delaney*, 156 Or. App. 293, 300-01 (1998).

**B.    Plaintiff did not establish for jurisdictional purposes that the parties entered into a binding contract containing an Oregon forum-selection clause.**

Under Oregon law, whether a contract exists is a question of law for the court. *Dalton v. Robert Jahn Corp.*, 209 Or. App. 120, 132 (2006)(quotation omitted). A "valid contract exists only when there is a meeting of the minds and where all [essential] terms are either agreed upon or there is a method agreed upon by which open and disputed terms can be settled, such that nothing is left for future negotiation." *Id.* (citation omitted). "'Oregon subscribes to the objective theory of contracts. In determining whether a contract exists and what its terms are, we examine the parties' objective manifestations of intent, as evidenced by their communications and acts.'" *Id.*

10 - OPINION AND ORDER

(quoting *Ken Hood Constr. v. Pac. Coast Constr.*, 201 Or. App. 568, 578 (2005)).  "'[W]hether parties enter into a contract does not depend on their uncommunicated subjective understanding; rather, it depends on whether the parties manifest assent to the same express terms.'"  *Id.* (quoting *Newton/Boldt v. Newton*, 192 Or. App. 386, 392 (2004)).

Plaintiff concedes the purchase and sale agreement was never signed by the parties.  Although it is unclear, Plaintiff appears to contend the Court, nevertheless, should enforce the forum-selection clause in the purchase and sale agreement because the parties agreed to all material terms of the agreement by March 12, 2009.  Defendants, however, contend the parties did not enter into any agreement because there was never any meeting of the minds as to several schedules material to the proposed agreement.  The proposed schedules that were not ultimately agreed on included an agreement not to compete, a security agreement, a promissory note, a bill of sale, several corporate consents, the settlement agreement and release, an agreed motion to dismiss the Texas action with prejudice, and a final order dismissing the Texas action.

As noted, when "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."  *Schwarzenegger*, 374 F.3d at 800.  Here a series of emails between

11 - OPINION AND ORDER

the parties do not establish for purposes of determining whether
this Court has jurisdiction that the parties had reached a
meeting of the minds as to the material terms of the purchase and
sale agreement by March 12, 2009, or at any time thereafter.  For
example, in a March 25, 2009, email to Plaintiff's counsel,
defense counsel states:  "Neither we nor Grant [Cooper] were
happy with the last offer.  We still have problems with your
client's insistence upon terms that allow him to terminate
payments and effectively reduce the purchase price.  I am not
sure how we get around this.  If you have any other ideas, please
advise."  Decl. of Daniel T. Mabery, Ex. C at 2.  Similarly, in
an email to Plaintiff's counsel dated April 9, 2009, defense
counsel noted in pertinent part:

> In your e-mail message of April 9, 2009, you
> referenced a "previous agreement to terms and
> price."  We have not reached an agreement, as
> evidenced by the fact that we are continuing to
> negotiate.  We have forwarded your most recent
> proposal on to our client and have discussed it
> with him.  He declines to accept it for reasons
> that we have previously discussed.
>
> Despite the time and expense that has been
> incurred and is likely to be incurred in the
> future on behalf of both parties, we remain
> willing to consider any alternative settlement
> options that you may offer to resolve this issue.

Mabery Decl., Ex. C at 8.  In an April 20, 2009, email, defense
counsel informed Plaintiff's counsel as follows:

> Your client's email . . . misrepresents several
> things.  First, we have had ongoing and regular
> discussions with you.  Second, there is no agreed

12 - OPINION AND ORDER

settlement.  Among other things, the terms of the
payout proposed by your client are not acceptable.
We raised an alternative regarding the possibility
of your client receiving third-party financing and
you told us this would not be possible.  In our
last email, we asked you for other alternatives
and received no response.

We are also unclear regarding what you intend to
file in Oregon. . . .  This is obviously not the
type of response we would expect from a request
for other alternative proposals.

Mabery Decl., Ex. C at 11.

On this limited record, the Court finds Plaintiff has
not established consent as a basis for personal jurisdiction
because Plaintiff did not show the parties "manifest[ed] assent
to the same express terms" of the purchase and sale agreement.
The Court, therefore, concludes Plaintiff has not established the
parties had a binding forum-selection clause for purposes of the
Court's jurisdictional analysis.  Thus, Plaintiff has not
established Defendants consented to jurisdiction or venue in
Oregon through the purchase and sale agreement, and the Court
must engage in an analysis of specific jurisdiction to determine
whether it has personal jurisdiction over Defendants.

## III. Plaintiff has not established this Court has specific jurisdiction.

As noted, Plaintiff concedes the Court does not have general
jurisdiction over Defendants, but it asserts the Court has
specific jurisdiction over Defendants.

13 - OPINION AND ORDER

A.    **The Law**

A court has specific jurisdiction over a defendant "if the controversy [was] sufficiently related to or arose out of the defendants' contacts with the forum." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).  The Ninth Circuit applies the following three-part test to determine whether a district court constitutionally may exercise specific jurisdiction over a nonresident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006)(quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).  "If the plaintiff fails to satisfy either of [the first two] prongs, personal jurisdiction is not established in the forum state.  If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be

14 - OPINION AND ORDER

reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger*

*King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

**B.   Plaintiff has not established Defendants purposefully availed themselves of the privilege of doing business in Oregon.**

The first prong of this analysis relating to purposeful

availment "may be satisfied by [Defendants'] purposeful availment

of the privilege of doing business in the forum; by purposeful

direction of activities at the forum; or by some combination

thereof." *Id*. at 1206.  "[I]n contract cases, [the Court]

typically inquire[s] whether a defendant purposefully avails

itself of the privilege of conducting activities or consummate[s]

[a] transaction in the forum, focusing on activities such as

delivering goods or executing a contract." *Id*. (quotations

omitted).

Defendants contend they did not purposefully avail

themselves of the privilege of doing business in Oregon.

Defendants point out their negotiations with Plaintiff were

solely to resolve a pending action in Texas, and Defendants did

not intend to or enter into a continuing course of business in

Oregon.  According to Defendants, even if the parties had reached

an agreement as to the purchase and sale of The Ultimate Dealer

Button, it would have resulted in a one-time purchase and would

not have created ongoing obligations in or contacts with Oregon.

In *Boschetto v. Hansing*, the Ninth Circuit addressed

the question of specific jurisdiction in the context of the sale

of a vehicle by a Wisconsin resident to a California resident on

ebay.  539 F.3d 1011 (9th Cir. 2008).  The California resident

filed an action for breach of contract in the United States

District Court for the Northern District of California.  The

Ninth Circuit affirmed the decision of the district court that it

lacked personal jurisdiction noting "the Supreme Court has

expressly cautioned, a contract alone does not automatically

establish minimum contacts in the plaintiff's home forum."  *Id.*

at 1017 (citing *Burger King Corp.*, 471 U.S. at 478; *Doe v. Unocal

Corp.*, 248 F.3d 915, 924 (9th Cir. 2001); and *Travelers Health

Ass'n v. Commonwealth of Va.*, 339 U.S. 643, 647 (1950)).  The

Ninth Circuit reasoned:

> The arrangement between [the plaintiff] and [the
> defendant], which is, at bottom, a contract for
> the sale of a good, is insufficient to have
> created a substantial connection with California.
> [The defendant]. . . did not create any ongoing
> obligations with [the plaintiff] in California;
> once the car was sold the parties were to go their
> separate ways.  Neither [the plaintiff's]
> complaint nor his affidavit in opposition to
> dismissal point to any continuing commitments
> assumed by the Defendants under the contract.  Nor
> did performance of the contract require the
> Defendants to engage in any substantial business
> in California.  On [the plaintiff's] version of
> the facts, funds were sent to Wisconsin and
> arrangements were made to pick up the car there
> and have it delivered to California.  This was, as
> the district court observed, a "one-shot affair."

*Id*.  Similarly, viewing these facts in the light most favorable

to Plaintiff, the Court finds Plaintiff has not established the

16 - OPINION AND ORDER

parties created any ongoing obligations for Defendants in Oregon or that Defendants engaged in or intended to engage in any substantial, continuous business in Oregon.  The Court, therefore, concludes Plaintiff has not established that Defendants purposefully availed themselves of the privilege of doing business in Oregon.

**C.  Plaintiff has not established its breach of contract claim is one which arose out of or related to defendant's forum-related activities.**

The Ninth Circuit has adopted a "but for" analysis to determine whether a plaintiff's claim arises out of a defendant's forum-related activities.  *See Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007)("the Ninth Circuit follows the 'but-for' test.")).  Thus, Plaintiff must establish it would not have been injured "but for" Defendants' activities in Oregon.

According to Plaintiff, he was injured because Defendants breached the purchase and sale agreement.  As noted, it is undisputed that the parties entered into negotiations for the purchase and sale agreement solely as a means to settle the Texas litigation.  The injury Plaintiff allegedly suffered was Defendants' breach of the agreement, which resulted in continuation of the Texas litigation.  Even if the facts are viewed in Plaintiff's favor, the record reflects it was the actions of the parties in Texas rather than Oregon that triggered the negotiations for the purchase and sale of The Ultimate Dealer

Button and the actions of the parties in Texas rather than Oregon that led to Defendant's alleged breach of the purchase and sale agreement.

On this record, the Court concludes Plaintiff has not established that it would not have been injured but for Defendants' activities in Oregon.

As noted, "[i]f the plaintiff fails to satisfy either of [the first two] prongs, personal jurisdiction is not established in the forum state." Because Plaintiff has not satisfied either of the first two prongs of the analysis, the Court concludes Plaintiff has not established this Court has personal jurisdiction over Defendants. Accordingly, the Court grants Defendants' Motion to Dismiss this matter for lack of personal jurisdiction.

Because the Court concludes it lacks personal jurisdiction, the Court does not address Defendants' alternative Motions to Transfer or For More Definite Statement.


## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to

18 - OPINION AND ORDER

Dismiss (#6) and dismisses this matter for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 15th day of December, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District


19 - OPINION AND ORDER